**IN RE RAMCO–REMODEL AMERICA CORP., Debtor. Tax ID: 62–15700996**

**Ramco–Remodel America Corp., Plaintiff,**

**v.**

**William and Barbara Wallis, Defendants.**

**Case No. 09–20539**
**Adv. Proc. No. 13–00522**

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Signed August 10, 2015

Filed August 11, 2015

John Edward Dunlap, Edwin C. Lenow, Memphis, TN, for Plaintiff.

Michael P. Coury, Glankler Brown PLLC, Memphis, TN, for Defendants.

## MEMORANDUM AND ORDER RE PLAINTIFF'S COMPLAINT AND DEFENDANTS' ANSWER THERETO COMBINED WITH RELATED ORDERS AND NOTICE OF THE ENTRY THEREOF

David S. Kennedy, UNITED STATES CHIEF BANKRUPTCY JUDGE

### INTRODUCTION

This adversary proceeding arises out of a declaratory judgment complaint filed pursuant to Fed. R. Bankr.P. 7001(9) by the plaintiff-debtor, Ramco–Remodel America Corporation ("Ramco"), and the answer filed in response thereto by the creditors/defendants, William and Barbara Wallis (collectively, "the Wallises"), in the above-captioned Chapter 11 case of Ramco.

The specific and ultimate question for judicial determination here is whether a postpetition, court approved lump sum cash payment of $5,000 from Ramco to the Wallises constituted a full and complete satisfaction and resolution of a prepetition claim that the Wallises asserted against Ramco, a corporate entity, and also Les W. Stone, president of Ramco ("Mr.Stone"), or, instead, whether the $5,000 payment was merely and solely consideration for the withdrawal of the vote cast by the Wallises rejecting confirmation of the corporate plan of reorganization proposed by Ramco. A subsequent December 30, 2009 Consent Order ("Consent Order"), discussed more fully hereinafter, was entered into by Ramco and the Wallises to memorialize this transaction.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)-(B). The following shall constitute this court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

The relevant background facts and procedural history may be briefly summarized as follows. Before the filing of the this Chapter 11 case, the Wallises filed a civil action lawsuit against both Ramco and Ramco's president, Mr. Stone, individually, in the County Court of Desoto County, Mississippi, for asserted damages resulting from contract work performed by Ramco on the Wallises' personal residence. On January 14, 2008, the Wallises obtained a default judgment against both Ramco and Mr. Stone in the amount of $51,872.18 which was subsequently recorded in Shelby County, Tennessee. Ramco commenced this voluntary Chapter 11 case on January 26, 2009. The Wallises timely filed a proof of claim against the estate of Ramco in the amount of $56,747.80, arising from the aforementioned prepetition default judgment obtained in Desoto County, Mississippi.

Ramco filed an objection to the Wallises' proof of claim essentially asserting that their claim against Ramco concerned a prepetition disputed judgment and should, therefore, be disallowed. Ramco later filed its proposed Chapter 11 plan ("the Plan"), which provided, in relevant part, that the Wallises, as a Class 7 general unsecured creditor, would receive a month-

ly distribution of $333.33 for their prepetition claim over a period of 36 months. The Wallises rejected and voted against confirmation of Ramco's plan.[1]

In an effort to resolve the Wallises' objection to the corporate plan of reorganization, Ramco negotiated a Consent Order with the Wallises, whereby the Wallises withdrew their prior vote rejecting Ramco's plan in exchange for a lump sum cash payment of $5,000. The resulting Consent Order is the underlying document that actually is the basis of this adversary proceeding. The Consent Order provided, in pertinent part, that "consideration for the withdrawal of the Ballot [rejecting the proposed plan] is the payment to Wallis by Debtor of Five Thousand Dollars ($5,000.00) on or before January 30, 2010." [Docket # 93]. The remainder of the Consent Order provided consequences of nonpayment and the remedies available to the Wallises in the event of future default.

Ramco subsequently filed this adversary proceeding seeking a declaratory judgment that the Consent Order agreed to by Ramco and the Wallises, outlining the lump sum cash payment given in exchange for the withdrawal of the Wallises' rejection to Ramco's plan, also was intended as a full release of Mr. Stone from further liability. It is noted that Mr. Stone was neither a party nor a signatory to this Consent Order. Ramco and Mr. Stone allege that the parties "negotiated terms to resolve the objection to the confirmation as well as the entire debt." [Docket # 1]. Moreover, the complaint states that the Consent Order was "intended to resolve the debt as to *all parties*, not simply the Debtor/Plaintiff." *Id.* (emphasis added).

---

1. It is noted that the Wallises held the largest unsecured claim against Ramco, and thereby, controlled the ability of Ramco to achieve confirmation of its plan. In reality, the Wallises held a veto power over confirmation of the plan. The Wallises' acceptance of the plan, as such, was crucial to Ramco's plan's acceptance and eventual confirmation of its plan.

That is, Ramco asserts that Mr. Stone also was released from the prepetition judgment against him. The Wallises, on the other hand, denied that "they settled any claim against any non-debtor," which would, in this case, be Mr. Stone. The Wallises claim that the $5,000 lump sum payment was consideration merely and solely for withdrawal of their ballot rejecting Ramco's corporate plan rather than an absolute settlement of the claim in its entirety against both Ramco and a release of Mr. Stone. [Docket # 2]. The Wallises specifically point out that Ramco's reorganization plan similarly fails to provide for the release of any co-debtors (e.g., Mr. Stone).

The Consent Order giving rise to this adversary proceeding was negotiated by John E. Dunlap, Esquire ("Mr.Dunlap"), then attorney for Ramco, and Mr. Earl Buckles ("Mr. Buckles"), then attorney for the Wallises. On a limited basis, Mr. Dunlap with court approval, has withdrawn from representation of Ramco in this adversary proceeding in order that he might serve as a trial witness to account for the substance of the settlement negotiations, as well as the parties' intent, embodied in the Consent Order referred to above. Mr. Dunlap remains the attorney of record in the main Chapter 11 case, just not this particular adversary proceeding. Mr. Buckles, unfortunately, died after the confirmation of Ramco's corporate plan.

On March 10, 2015, the Wallises filed "Defendants' Motion In Limine" seeking, inter alia, to exclude any testimony at the trial of this adversary proceeding offered by Mr. Dunlap regarding the substance of postpetition/pre-confirmation discussions and negotiations exchanged between him-

self and Mr. Buckles arising out of this particular transaction. The court held a hearing on the motion in limine on April 28, 2015, and issued a written opinion granting the Wallises' Motion in Limine on May 7, 2015. However, the court allowed Ramco to make an offer of proof, in "question and answer form," as to the testimony that Mr. Dunlap would have provided had his testimony been admissible in order to preserve the quality of the trial court record.[2] The court held a trial on the merits of this declaratory judgment action on August 4, 2015, whereby Mr. Stone, Mr. Dunlap (as an offer of proof), and Mr. Wallis testified. The court took the matter under submission.

## DISCUSSION

■ The crux of Ramco's assertion is that the postpetition $5,000 lump sum cash payment presented and paid to the Wallises was made in order to fully settle and resolve the Wallises' prepetition claim in its entirety as against all parties (e.g., both Ramco and Mr. Stone, individually). The Wallises, on the other hand, argue that the cash payment was made solely in consideration for the withdrawal of the Wallises' rejection and objection to confirmation of Ramco's reorganization plan, thereby allowing Ramco to have a confirmable plan.[3]

Because the court was not privy to the private settlement negotiations between the parties and their attorneys, the court must look to the documents submitted that memorialize the settlement transaction ultimately consummated and approved by the court. Based on the record before the court, there is no apparent documentary evidence to support Ramco and Mr. Stone's assertion that the $5,000 lump sum

---

**2.** See Rule 9017 of the Federal Rules of Bankruptcy Procedure made applicable here by virtue of Rule 103(c) of the Federal Rules of Evidence.

**3.** *See* footnote 1 *supra.*

cash payment was paid in order to settle the Wallises' claim against both Ramco and Mr. Stone or to resolve the prepetition judgment in its entirety.

■ First and foremost, it is emphasized here that a discharge in a chapter 11 case does not, standing alone, discharge third-party co-debtors, guarantors, or the like. Section 524(e) of the Bankruptcy Code provides that "discharge of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). Compare 11 U.S.C. § 524(g). In other words, absent an acceptance plan provision providing for Mr. Stone's release, a third-party co-debtor or guarantor is not, ipso facto, protected from further debt collection simply because the original debtor (here, Ramco) received a chapter 11 discharge. Mr. Stone, therefore, as a co-defendant on the prepetition default judgment obtained in Desoto County, Mississippi, is still liable on the debt, notwithstanding Ramco's confirmation of its plan and concomitant discharge. *See* 11 U.S.C. § 1141(d).

The Consent Order does not include any language purporting to release Mr. Stone, a co-defendant in the State court action in his individual capacity, from the prepetition judgment obtained by the Wallises. Rather, the Consent Order discussed above states that "Wallis is desirous of withdrawing their Ballot rejecting the proposed plan of reorganization filed by Debtor. The consideration for this withdrawal of Ballot is the payment to Wallis by Debtor of Five Thousand Dollars ($5,000.00) on or before January 30, 2010." [Docket # 93]. The remainder of the Consent Order sets forth consequences of non-payment. Consequently, the court sees no

language or apparent ambiguity in verbiage [4] whereby the Wallises intended to release Mr. Stone or any other co-debtor.

■ In addition to asserting that the $5,000 lump sum cash payment to the Wallises resolved the Wallises claim against both Ramco and Mr. Stone in its entirety, counsel for Ramco orally requested that this court alter, amend, or set aside the prepetition default judgment issued by the County Court in Desoto County, Mississippi, pursuant to Rule 60 of the Federal Rules of Civil Procedure. However, "[u]nder the *Rooker–Feldman* doctrine, lower federal courts lack subject-matter jurisdiction to hear cases that require them to review or set aside a state court judgment." *In re Spencer,* 532 B.R. 303, 306 (Bankr.W.D.Wis.2015) (citing *Skinner v. Switzer,* 562 U.S. 521, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011)). The *Rooker–Feldman* doctrine also "applies in adversary proceedings in bankruptcy court as well as in the lower federal courts.". *Id.* (other citations omitted). In other words, a bankruptcy court cannot act as a reviewing court for a state court issued decision. The more appropriate avenue for Mr. Stone is to seek relief through the Mississippi state court system. As stated, this court cannot act as a reviewing appellate court for a prepetition judgment issued by a State court which Ramco and Mr. Stone deem unfavorable. This court does not have jurisdiction to alter, amend, or set aside the Mississippi prepetition default judgment against Ramco and Mr. Stone.

## CONCLUSION

Based on all the foregoing and considering a totality of the particular facts and circumstances and applicable law the court

---

**4.** See this court's incorporative prior "Memorandum And Order Re Defendants' Motion In Limine Combined With Related Orders And Notice Of The Entry Thereof" entered on May 7, 2015. [Docket # 29].

finds that there is insufficient evidence, based on the entire record before this court, to hold that the postpetition $5,000 lump sum cash payment discussed above provided to the Wallises by Ramco was in complete accord and full satisfaction of the prepetition State court judgment. None of the documents evidence any release of third party co-debtors, guarantors, co-defendants, or the like. Accordingly, the court finds that Mr. Stone remains liable as a co-defendant on the prepetition default judgment obtained in the County Court of Desoto County, Mississippi. This holding is, however, without legal prejudice to Mr. Stone to seek to proceed in the Mississippi State Court to seek alter, amend, or vacate the prepetition default judgment discussed above.

